WILLIAM A. STARRETT ET AL. *v.* THOMAS W. BROWN.

[No. 66, October Term, 1931.]

*Decided January 14th, 1932.*

The cause was submitted on briefs to Bond, C. J., Urner, Adkins, Offutt, Parke, and Sloan, JJ.

*James A. McAllister,* for the appellants.

*Wm. D. Gould, 3rd,* and *Harrington & Harrington,* for the appellee.

Urner, J., delivered the opinion of the Court.

The appellee, in the course of his employment as a carpenter by the appellant, on August 9th, 1929, was struck in the abdomen by the end of a plank. At the point of the impact, there were scars on the employee's body from an operation for appendicitis in 1898, and from one for adhesions in 1925. The State Industrial Accident Commission awarded compensation to the injured man, to continue during the period of the total temporary disability which the commission found to exist in consequence of the accident. Its order to that effect was passed on September 11th, 1929. A later hearing resulted in an order on July 3rd, 1930, terminating the compensation as of September 16th, 1929, because the commission concluded that the claimant's continuing disa-

bility was not due to the accidental injury for which compensation had been previously awarded. In the trial of the claimant's appeal to the Circuit Court for Dorchester County, the jury answered in the affirmative the following issue: "Did the accident which occurred to the claimant on the 9th day of August, 1929, cause the disability from which the claimant suffered after the 16th day of September, 1929?" From a judgment in pursuance of the verdict, the employer and insurer have appealed to this court. The exceptions relate to a ruling on the admissibility of testimony, and to the refusal of the lower court to direct a negative answer by the jury to the issue we have quoted.

There was evidence that the appellee, long before the accident, had recovered from the effects of the operations referred to, and was able to work actively and regularly at his trade as a carpenter, and that since the accident he has been prevented from working by pain in his side and weakness. The blow on his abdomen was severe enough to render him unconscious, and to require him to remain in a hospital for a week. When he soon afterwards returned to work, he was compelled by intense pain and nausea to abandon it after persisting in his effort for several hours. Medical witnesses testified as to the probably disabling effect of the injury, and expressed the opinion that the claimant's condition, when they examined him, was such as to disqualify him from doing the heavy work in which he had formerly been engaged. In view of the evidence thus summarized, the trial court was clearly right in submitting the case to the jury as against a prayer for a directed verdict in favor of the employer and insurer on the ground of a legal insufficiency of evidence to prove that the accident on August 9th, 1929, caused the disability which the claimant continued to suffer after September 16th, 1929, when his compensation was terminated by the order of the commission.

The evidence ruling is also free of error. It was made while the claimant was being cross-examined. Having been asked whether he was receiving a pension from the United States government and having answered affirmatively, and

that the pension was for service in the Spanish-American War, he was further asked whether it was for "disability during that service." An objection to that question was properly sustained. It was, of course, permissible to inquire whether the disability for which the claimant desired compensation resulted from his war service rather than from the accident described in the evidence; but the excluded question does not appear to have been directed to that purpose. The fact that the claimant was receiving a pension for a war service disability was not inconsistent with his undisputed capacity to do the customary work which his industrial accident interrupted. In the absence of any proffer to prove that his subsequent incapacity to do that work was the result of the particular disability for which the pension was allowed, the question objected to was irrelevant.

The issue was fairly presented to the jury by instructions granted at the request of the respective parties, and we find in the record no ground for a reversal.

*Judgment affirmed, with costs.*